UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DUANE O. HINES,

      Plaintiff,

v.                                                   Case No. 05-73044
                                                     Honorable Patrick J. Duggan

COMMISSIONER OF SOCIAL
SECURITY,

      Defendant.
                                          /

**OPINION AND ORDER**

At a session of said Court, held in the U.S.
District Courthouse, Eastern District
of Michigan, on July 7, 2006.

      PRESENT:       THE HONORABLE PATRICK J. DUGGAN
                                  U.S. DISTRICT COURT JUDGE

Plaintiff applied for Social Security Disability Insurance Benefits ("DIB") and Supplemental Security Income benefits ("SSI") (collectively "benefits") on July 18, 2002, alleging that he became disabled on March 12, 2002, at age 44, due to problems balancing, standing, and bending as a result of a degenerative cerebellum. The Social Security Administration denied Plaintiff's request for benefits initially. Upon Plaintiff's request, Administrative Law Judge ("ALJ") Douglas Walker conducted a *de novo* hearing

1

on October 7, 2004.  The ALJ issued a decision on March 21, 2005, finding Plaintiff not disabled within the meaning of the Social Security Act and therefore not entitled to benefits.  The ALJ's decision became the final decision of the Social Security Commissioner ("Commissioner") when the Social Security Appeals Council denied review.  Plaintiff thereafter initiated the pending action.

Both parties have filed motions for summary judgment, which this Court referred to Magistrate Judge Donald A. Scheer.  On March 31, 2006, Magistrate Judge Scheer filed his Report and Recommendation (R&R) recommending that this Court deny Plaintiff's motion for summary judgment and grant Defendant's motion.  At the conclusion of the R&R, Magistrate Judge Scheer advises the parties that they may object and seek review of the R&R within ten days of service upon them.  Plaintiff filed objections to the R&R on April 5, 2006.

## STANDARD OF REVIEW

Under 42 U.S.C. Section 405(g):

> Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party . . . may obtain a review of such decision by a civil action . . . The court shall have the power to enter . . . a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing.  The findings of the Commissioner of Social Security as to any fact, if supported by *substantial evidence*, shall be conclusive . . .

42 U.S.C. § 405(g)(emphasis added); *see Boyes v. Sec'y of Health and Human Servs.*, 46 F.3d 510, 511-12 (6th Cir. 1994).  "Substantial evidence is defined as 'such relevant

evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Abbott v. Sullivan*, 905 F.2d 918, 922-23 (6th Cir. 1990)(quoting *Richardson v. Perales*, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427 (1971)).  The Commissioner's findings are not subject to reversal because substantial evidence exists in the record to support a different conclusion.  *Mullen v. Brown*, 800 F.2d 535, 545 (6th Cir. 1986)(citing *Baker v. Kechler*, 730 F.2d 1147, 1150 (8th Cir. 1984)).  If the Commissioner's decision is supported by substantial evidence, a reviewing court must affirm.  *Studaway v. Sec'y of Health and Human Servs.*, 815 F.2d 1074, 1076 (6th Cir. 1987).

The court reviews *de novo* the parts of an R&R to which a party objects.  *See* FED. R. CIV. P.  72(b); *Thomas v. Halter*, 131 F. Supp. 2d 942, 944 (E.D. Mich. 2001).

## ANALYSIS

An ALJ considering a disability claim is required to follow a five-step process to evaluate the claim.  20 C.F.R. § 404.1520(a)(4).  If the ALJ determines that the claimant is disabled or not disabled at a step, the ALJ need not proceed further.  *Id*. However, if the ALJ does not find that the claimant is disabled or not disabled at a step, the ALJ must proceed to the next step.  *Id*.  "The burden of proof is on the claimant through the first four steps . . . If the analysis reaches the fifth step without a finding that the claimant is not disabled, the burden transfers to the [defendant]."  *Preslar v. Sec'y of Health and Human Servs.*, 14 F.3d 1107, 1110 (6th Cir. 1994); *see also Bowen v. Yuckert*, 482 U.S. 137, 146 n.5, 107 S. Ct. 2287, 2294 n.5 (1987).

The ALJ's five-step sequential process is as follows:

1. At the first step, the ALJ considers whether the claimant is currently engaged in substantial gainful activity. 20 C.F.R. § 404.1520(a)(4)(i).[1]

2. At the second step, the ALJ considers whether the claimant has a severe medically determinable physical or mental impairment that meets the duration requirement of the regulations and which significantly limits the claimant's ability to do basic work activities. 20 C.F.R. §§ 404.1520(a)(4)(ii) and (c).[2]

3. At the third step, the ALJ again considers the medical severity of the claimant's impairment to determine whether the impairment meets or equals an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. 20 C.F.R. § 404.1520(a)(4)(iii). If the claimant's impairment meets any Listing, he or she is determined to be disabled regardless of other factors.[3] *Id*.

4. At the fourth step, the ALJ assesses the claimant's residual functional capacity and past relevant work to determine whether the claimant can perform his or her past relevant work.[4] 20 C.F.R. § 404.1520(a)(4)(iv).

---

[1]The ALJ concluded that Plaintiff has not engaged in substantial gainful activity since March 12, 2002, concluding that work he performed in 2003 was an unsuccessful work attempt. *See* A.R. at 24.

[2]The ALJ concluded that Plaintiff has the following severe impairments: left leg weakness, with gait ataxia related to cerebellum degeneration secondary to past ethyl alcohol abuse; cognitive disorder, not otherwise specified; alcohol abuse in reported remission; cannabis abuse, in reported remission; antisocial personality disorder; and history of seizures. *See* A.R. at 31.

[3]The ALJ analyzed whether Plaintiff met Listings 11.02, 11.03, 11.17, 11.18, 12.05, 12.08, or 12.09 and determined that his impairments were not sufficiently severe to meet any Listing or did not meet the criteria of any Listing. *See* A.R. at 26.

[4]The ALJ found that Plaintiff had the following residual functional capacity:

> perform work which is low stress (non-productions oriented), simple, unskilled, with one, two, or three step instructions, not in close proximity to co-workers (meaning that the individual could not function as a member of a team), and not in direct contact with the public; lift and/or carry 10 pounds frequently and 20 pounds occasionally (from very little, up to 1/3 of an 8-hour workday);

    5.    At the fifth step, the ALJ considers the claimant's residual functional capacity, age, education, and past work experience to see if he can do other work. 20 C.F.R. § 404.1420(a)(4)(v). If there is no such work that the claimant can perform, the ALJ must find that he or she is disabled.[5] *Id*.

Plaintiff raises a number of objections to the R&R. First, he claims that the ALJ failed to give proper weight to the opinion and assessment of a reviewing agency physician. Plaintiff contends that Magistrate Judge Scheer failed to address this

---

> stand and/or walk (with normal breaks) for a total of 6 hours in an 8-hour workday; should avoid ascending and descending stairs; perform pushing and pulling motions with his upper but not lower extremities within the aforementioned weight restrictions; perform activities requiring manual dexterity for both gross and fine manipulation with handling and reaching with the right hand, but only for gross and fine manipulation with the left hand (the claimant is right hand dominant); occasionally perform balancing, stooping, crouching, kneeling, and crawling, but no climbing; since the individual is in mild to moderate pain and experiences drowsiness from his medications, he is limited to work that does not require exposure to hazards in the workplace such as unprotected areas of moving machinery, heights, ramps, ladders, scaffolding, and on the ground level unprotected regions of holes and pits, or operating motor vehicles; since the individual has depression which affects his ability to concentrate upon complex or detailed tasks, he can only understand, remember, and carry out simple job instructions; requires work which allows him to prop up his left lower extremity to stool level (12 inches) at will; and should avoid jobs which would require him to engage in overhead reaching with his left upper extremity.

*See* A.R. at 31. The ALJ concluded that Plaintiff is unable to perform any of his past relevant work. *Id*.

    [5]The ALJ determined that considering Plaintiff's age, educational background, work experience, and residual functional capacity, he is capable of a range of light work (although not the full range). *See* A.R. at 32. The ALJ further concluded that there are a significant number of jobs in the national economy that Plaintiff can perform based on his exertional and non-exertional limitations. *See id*. The ALJ therefore concluded that Plaintiff is not under a "disability" as defined in the Social Security Act. *See id*. Magistrate Judge Scheer found substantial evidence on the record to support this finding. *See* R&R at 8.

5

physician's opinion and assessment in his R&R. Second, Plaintiff claims the ALJ relied on a form completed by agency retained psychologist Dr. Boneff which was "totally inconsistent" with Dr. Boneff's separate narrative report. Third, and finally, Plaintiff submits that the record did not support the ALJ's and Magistrate Judge Scheer's finding that Plaintiff retained the residual functional capacity to perform light work. Plaintiff argues that he was limited to no more than sedentary work due to his problems with ambulation, balancing, and walking.

**Objection 1**:

Plaintiff asserts that the ALJ failed to give proper weight to the opinion of a Disability Determination Service ("DDS") reviewer[6], contained in a Physical Residual Functional Capacity Assessment ("RFC") dated November 7, 2002. The medical reviewer opined in the RFC that Plaintiff retains the residual functional capacity to lift and/or carry 10 pounds occasionally and less than 10 pounds frequently; stand and/or walk (with normal breaks) at least 2 hours in an 8 hour workday; and sit (with normal breaks) for a total of 6 hours in an 8 hour workday. *See* A.R. at 126.

According to the Social Security Act, "[s]tate agency medical and psychological consultants and other program physicians and psychologists are highly qualified physicians and psychologists who are also experts in Social Security disability evaluation." 20 C.F.R. §§ 404.1527(f)(2)(i) and 416.927(f)(2)(i). The regulations further

---

[6]The name of this physician cannot be determined from the administrative record.

provide, however, that "[a]dministrative law judges are not bound by any findings made by State agency medical or psychological consultants, or other program physicians or psychologists." *Id*. If evidence in the Plaintiff's record is inconsistent, the regulations state that the Commissioner may "weigh all of the evidence" and see whether a disability determination can be made. 20 C.F.R. §§ 404.1527(c)(2) and 416(c)(2). More weight is given to the opinion of a source who has examined the claimant than to the opinion of a source who has not examined the claimant; a treating physician generally is given the most weight.[7] 20 C.F.R. §§ 404.1527(d)(1) & (2) and 416.927(d)(1) & (2).

The ALJ adopted the Medical Source Statement and evaluation report completed by Dr. Denian Naguib, an examining neurologist retained by the agency, rather than the reviewing physician's RFC. *See* A.R. at 28 citing Ex. 7F and 8F. The ALJ's determination as to Plaintiff's residual functional capacity is consistent with Dr. Naguib's opinion and evaluation. *Compare* A.R. at 31 *with* Ex. 7F and 8F. The only inconsistent opinion offered, was that of the reviewing physician. The Commissioner's decision, however, "is not subject to reversal merely because substantial evidence would have supported an opposite decision." *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1985). Additionally, as set forth previously, the ALJ was entitled to give more weight to Dr. Naguib's opinion and evaluation as he actually examined Plaintiff.

---

[7]Plaintiff submitted limited medical records to the Commissioner from treating physicians. *See* A.R. at 113-21 &134. Notably, none of these records contradict the evidence on which the ALJ relied to reach his decision.

**Objection 2**:

Plaintiff next argues that the ALJ improperly relied on the opinion of Dr. Nick Boneff, an examining psychologist retained by the agency, set forth in a "Medical Source Statement of Ability to do Work-Related Activities (Mental)" ("Medical Source Statement") which Dr. Boneff completed on December 18, 2002. *See* A.R. at 143-44. According to Plaintiff, Dr. Boneff's opinion in the Medical Source Statement was "totally inconsistent" with his psychological evaluation report completed on the same date. *See* A.R. at 145-49. Plaintiff contends that if the ALJ relied on Dr. Boneff's psychological report– specifically his finding that Plaintiff's full scale IQ is 49– the ALJ would have concluded at step 3 of his 5-step analysis that Plaintiff has a mental disorder meeting the requirements of Listing 12.05B.[8]

> Listing 12.05 refers to mental retardation and provides:
>
>> Mental retardation refers to significantly subaverage general intellectual functioning with deficits in adaptive functioning initially manifested during the developmental period; i.e., the evidence demonstrates or supports onset of the impairment before age 22.
>>
>> The required level of severity for this disorder is met when the requirements in A, B, C, or D are satisfied.
>>
>> . . .
>>
>> B. A valid verbal, performance, or full scale IQ of 59 or less;

---

[8]As set forth previously, at step 3 the ALJ determines whether the claimant's severe impairment meets or medically equals a listed impairment. If so, the claimant is presumed disabled without further inquiry.

. . .

20 C.F.R. Pt. 404, Subpt. P, Appx. 1.  As the Regulations provide, to satisfy the requirements of Listing 12.05B, the claimant must satisfy the diagnostic description in the introductory paragraph and any one of the four sets of criteria.  *Id*. at 12.00.  The ALJ concluded that Plaintiff did not satisfy the criteria set forth in the introductory paragraph of Listing 12.05B, reasoning:

> there is no indicia in the case record to support onset of the claimant's intellectual impairment before age 22.  Indeed, according to earnings records, the claimant has performed substantial gainful activity for 11 of the last 15 years, which suggests that the claimant's current IQ scores, even if valid, are not reflective of such intellectual impairment prior to age 22 . . .

*See* A.R. at 26.

In his motion for summary judgment, Plaintiff argues that the ALJ's finding was incorrect, pointing out that he attended school only to the seventh or eighth grade, was placed in special education classes due to difficulties throughout school, and was unsuccessful in obtaining a GED.  *See* Pl.'s Mot. at 9, citing A.R. at 147.  According to Dr. Boneff's report, however, Plaintiff indicated that he left school after about the seventh or eighth grade " 'because gangs were coming in, beating up people.'"  *See* A.R. at 147.  Moreover, Plaintiff testified during the hearing before the ALJ that he completed the ninth grade.  *See* A.R. at 170.  Plaintiff also testified that he has a valid driver license, can read and understand a newspaper, and can write a letter.  *See* A.R. at 171 & 179.

Plaintiff bore the burden of establishing that he satisfied the requirements and

9

criteria of any of the listed impairments.  *See Preslar* and *Bowen, supra*.  Aside from his own testimony, which the ALJ did not find entirely credible (A.R. at 28), Plaintiff presented no evidence to demonstrate that his "significantly subaverage general intellectual functioning with deficits in adaptive functionally" manifested itself prior to age 22.  Plaintiff offered no records (e.g. medical or school records) to demonstrate an onset of the impairment prior to age 22.  This Court agrees with the ALJ that Plaintiff's successful participation in gainful activity for 11 of the last 15 years further weighs against a finding that the impairment manifested itself prior to age 22.

**Objection 3**:

At step four, the ALJ assessed Plaintiff's residual functional capacity and determined that he is capable of performing light work.  The ALJ found, however, that Plaintiff is impeded from performing the full range of light work by additional exertional and/or non-exertional limitations (e.g. low stress work, not in close proximity to co-workers, no exposure to hazards in the workplace).  *See* A.R. at 31.  Plaintiff argues that the record does not support the ALJ's assessment and that he is limited to no more than sedentary work based on his problems with ambulation, balance, and walking.

The Regulations define "light work" as follows:

> lifting no more than 20 pounds at a time with frequent lifting
> or carrying of objects weighing up to 10 pounds.  Even
> though the weight lifted may be very little, a job is in this
> category when it requires a good deal of walking or standing,
> or when it involves sitting most of the time with some pushing
> and pulling of arm or leg controls.  To be considered capable
> of performing a full or wide range of light work, you must

> have the ability to do substantially all of these activities ...

20 C.F.R. § 404.1567.  As Magistrate Judge Scheer correctly found, there was substantial evidence in the record supporting Plaintiff's ability to perform the activities required for light work.  *See* R&R at 5, citing A.R. at 135-38.  Based on the medical evidence cited in the R&R, there also was substantial evidence supporting the ALJ's finding that Plaintiff's allegations of disabling balance problems or leg weakness were unsupported.  *See id.*  The Court therefore agrees with Magistrate Judge Scheer that there was substantial evidence in the record to support the ALJ's decision.

### Summary

The Court concludes that there was substantial evidence in the record to support the ALJ's evaluation of Plaintiff's impairments.  The Court therefore affirms the decision of the Commissioner, finding that Plaintiff is not disabled within the meaning of the Social Security Act.

Accordingly,

**IT IS ORDERED**, that Plaintiff's motion for summary judgment is **DENIED**; and

**IT IS FURTHER ORDERED**, that Defendant's motion for summary judgment is **GRANTED**.

s/PATRICK J. DUGGAN<br>
UNITED STATES DISTRICT JUDGE

Copies to:
Norton J. Cohen, Esq.
AUSA James A. Brunson